**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSEPH DANIEL ANTHONY,**

      **Petitioner,**

**vs.**                                      **Case No. 4:13cv273-RH/CAS**

**ERIC HOLDER, JR., et al.,**

      **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, submitted a petition for writ of habeas corpus pursuant to § 2241 in May, 2013. Doc. 1. Petitioner paid the filing fee at the time of case initiation, doc. 4, and also submitted a "motion to expedite." Doc. 2.

Petitioner listed his address in both the petition, doc. 1, and motion, doc. 2, as being detained in the Etowah Detention Center in Gadsden, Alabama. Thus, Petitioner is not within the jurisdiction of the Northern District of Florida, nor was he at the time this case was initiated.

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or

detained at the time he files the habeas petition.[1]  Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Indeed, the Supreme Court reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  Padilla does not alter the well-settled rule that if a district court properly acquires jurisdiction when the case was filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction.  542 U.S. at 440, 124 S.Ct. at 2721, *relying on* Ex parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944) (holding that despite the Japanese-American citizen's removal from the district court's territorial jurisdiction, a respondent who resided in the district could appropriately execute the writ).  Thus, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  Padilla, 542 U.S. at 440-41, 124 S.Ct. at 2721, *explaining* Endo, *supra*.

Therefore, because Petitioner was not in this District when the § 2241 petition was filed, this Court does not have jurisdiction over Petitioner.  This case should be transferred to the appropriate District Court in Alabama pursuant to 28 U.S.C. § 81(a).

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

It is respectfully **RECOMMENDED** that this petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion to expedite be **TRANSFERRED** to the United States District Court for the Northern District of Alabama, Middle Division, pursuant to 28 U.S.C. § 81(a)(6), and the Clerk of Court be directed to administratively close this case.

**IN CHAMBERS** at Tallahassee, Florida, on June 18, 2013.


S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**